UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                  Case No. 18-CR-171

RANDY D. USOW,

        Defendant.

## PLEA AGREEMENT

1. The United States of America, by its attorneys, Matthew D. Krueger, United States Attorney for the Eastern District of Wisconsin, and Matthew L. Jacobs, Assistant United States Attorney, and the defendant, Randy D. Usow, individually and by attorney Michael G. Goller, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, enter into the following plea agreement:

### CHARGES

2. The defendant has been charged in both counts of a two-count information, which alleges violations of Title 18, United States Code, Section 641 (Count 1) and Title 18, United States Code, Section 1028A (Count 2).

3. The defendant has read and fully understands the charges contained in the information. He fully understands the nature and elements of the crimes with which he has been charged and those charges and the terms and conditions of the plea agreement have been fully explained to him by his attorney.

4.     The defendant voluntarily agrees to waive in open court prosecution by indictment.

5.     The defendant voluntarily agrees to plead guilty to both counts in the information, which are set forth in full as follows:

## COUNT ONE

**THE UNITED STATES ATTORNEY CHARGES:**

1.     At all times material to this indictment, the defendant, Randy D. Usow ("Usow"), resided in Mequon, Wisconsin and was the sole owner and operator of Randy Usow Accounting, Inc., which was located in Mequon, Wisconsin.

2.     During the period from at least 2011 and continuing through 2015, Usow stole money from the United States by preparing and filing false federal income tax returns in the names of third parties seeking tax refunds to which the taxpayer was not entitled and diverting those refunds to himself.

3.     During the period from April 2011, through May 2015, Usow filed at least four false federal income tax returns fraudulently seeking more than $800,000 in federal income tax refunds, which Usow diverted to his own use.

4.     On or about April 8, 2015, in the State and Eastern District of Wisconsin and elsewhere,

**RANDY D. USOW**

willfully and knowingly stole and converted to his own use money of the United States, namely $463,867, which was paid by the Internal Revenue Service ("IRS") as a federal income tax refund, that Usow obtained by submitting a false 2014

2

federal income tax return in the name of Taxpayer A and his wife and directing the IRS to send the refund to a bank account Usow controlled.

All in violation of Title 18, United States Code, Section 641.

## COUNT TWO

**THE UNITED STATES ATTORNEY FURTHER CHARGES:**

5. On or about March 13, 2015, in the State and Eastern District of Wisconsin and elsewhere,

**RANDY D. USOW**

knowingly possessed and used a means of identification of another person without lawful authority, during and in relation to the felony offense of stealing government property, in violation of 18 U.S.C. § 641, charged in Count One this information, knowing that the means of identification belonged to another actual person. Specifically, Usow used Taxpayer A's name, date of birth, and Social Security number without Taxpayer A's knowledge or authority to open a bank account in Taxpayer A's name and then used this account to receive the tax refund generated by the false 2014 tax return Usow filed with the IRS in the name of Taxpayer A and his wife.

In violation of Title 18, United States Code, Section 1028A.

6. The defendant acknowledges, understands, and agrees that he is, in fact, guilty of the offenses charged in the information. The parties acknowledge and understand that if this case were to proceed to trial, the government would be able to prove the following facts beyond a

3

reasonable doubt. The defendant admits that these facts are true and correct and establish his guilt beyond a reasonable doubt.

*At all times relevant to this case and, in particular, during the years 2004 through 2015, the defendant Randy D. Usow ("Usow") owned and operated a business under the name Randy Usow Accounting, Inc., which had its principal place of business located in Mequon, Wisconsin. As part of his business, Usow prepared and filed state and federal tax returns for third parties, including an individual identified here as "Taxpayer A" and his wife. As detailed below, during the period from at least 2010 through 2015, Usow stole funds from the United States by preparing and filing false tax returns in the name of Taxpayer A and his wife that fraudulently claimed tax refunds to which Taxpayer A was not entitled and by diverting these fraudulent refunds to himself.*

*Usow prepared and provided Taxpayer A with a version of his tax returns that reflected the correct tax refund to which Taxpayer A and his wife were entitled. Usow, however, did not file this version with the IRS.*

*Instead, Usow prepared and filed a version of Taxpayer A's tax returns that fraudulently claimed tax refunds greater than the amounts to which Taxpayer A and his wife were entitled. In addition, on these false tax returns, Usow directed the IRS to send the inflated refunds to bank accounts Usow controlled. After receiving the fraudulent refunds, Usow transferred a portion of the refunds to a bank account he opened in the name of "US Government, LLC." Usow then wired funds from the US Government LLC account to Taxpayer A to make it appear that the IRS had paid the refunds reflected on the returns Usow provide to Taxpayer A.*

*To further facilitate his scheme, on or about March 3, 2015, Usow opened an account at Ally Bank in his own name and in the name of Taxpayer A. To open this account, and without*

4

Taxpayer A's knowledge or consent, Usow provided Ally Bank with Taxpayer A's name, Social Security number, and date of birth.

After opening this account, Usow filed with the IRS a false 2014 tax return in the name of Taxpayer A and wife that fraudulently sought a refund in the amount of $463,867. On this return, Usow directed the IRS to send the refund to the account Usow had opened at Ally Bank in Taxpayer A's name.

At the same time, Usow provided Taxpayer A with a summary indicating that his refund from the IRS for 2014 would be $164,458. Usow later provided Taxpayer A with a copy of his 2014 tax return that claimed a tax refund of $163,867.

Based on Usow's filing of Taxpayer A's false 2014 tax return, on April 8, 2015, the IRS disbursed $463,867 to the account Usow opened at Ally Bank in Taxpayer A's name. After receiving these funds, Usow transferred approximately $164,000 from the Ally Bank account to the account Usow opened in the name of US Government, LLC. Usow then wired $164,458 from the US Government account to Taxpayer A, to make it appear that the IRS had paid Taxpayer A his refund for 2014.

The following is a comparison of the refunds claimed on the tax returns Usow provide to Taxpayer A and the returns Usow actually filed with the IRS in name of Taxpayer A and his wife for the years 2012 - 2014:

| Tax Return | Return provide to Taxpayer A | Return filed with IRS | Difference |
|---|---|---|---|
| 2012 initial return | $162,473 | $267,472 | $104,999 |
| 2012 amended return | Not provided | $85,434 | $85,434 |
| 2013 tax return | $87,307 | $405,762 | $318,455 |
| 2014 tax return | $163,867 | $463,867 | $300,000 |
| Total | | | $808,888 |

5

This information is provided for the purpose of setting forth a factual basis for the defendant's guilty pleas. It is not a full recitation of the defendant's knowledge of, or participation in, these offenses.

## PENALTIES

7. The parties understand and agree that the offenses to which the defendant will enter a plea of guilty carry the following maximum terms of imprisonment and fines: Count 1, 10 years and $250,000; and Count 2, a mandatory term of imprisonment of 2 years and a fine of up to $250,000. Each count also carries a mandatory special assessment of $100, and a maximum of three years of supervised release. The parties further recognize that a restitution order may be entered by the court. The parties' acknowledgments, understandings, and agreements with regard to restitution are set forth in paragraph 30 of this agreement.

8. The defendant acknowledges, understands, and agrees that he has discussed the relevant statutes as well as the applicable sentencing guidelines with his attorney.

## ELEMENTS

9. The parties understand and agree that in order to sustain the charge of violating 18 U.S.C. § 641, as charged in Count 1 of the information, the government must prove each of the following propositions beyond a reasonable doubt:

> First, that the money described in the particular count of the indictment belonged to the United States; and
>
> Second, that the money had a value that exceeded $1,000; and
>
> Third, that the defendant stole or knowingly converted the money to the defendant's own use; and

6

Fourth, that the defendant did so knowingly with the intent to deprive the owner of the use or benefit of that money.

10. The parties understand and agree that in order to sustain the charge of violating 18 U.S.C. § 1028A, as charged in Count 2 of the information, the government must prove each of the following propositions beyond a reasonable doubt:

First, that the defendant committed the felony offense of theft of government property, as charged in Count 1;

Second, that during an in relation to that offense, the defendant knowingly possessed or used a means of identification; and

Third, that the defendant did so without lawful authority; and

Fourth, that the means of identification belong to another person; and

Fifth, that the defendant knew that the means of identification belonged to another person.

## SENTENCING PROVISIONS

11. The parties agree to waive the time limits in Fed. R. Crim. P. 32 relating to the presentence report, including that the presentence report be disclosed not less than 35 days before the sentencing hearing, in favor of a schedule for disclosure, and the filing of any objections, to be established by the court at the change of plea hearing.

12. The parties acknowledge, understand, and agree that any sentence imposed by the court will be pursuant to the Sentencing Reform Act, and that the court will give due regard to the Sentencing Guidelines when sentencing the defendant.

13. The parties acknowledge and agree that they have discussed all of the sentencing guidelines provisions that they believe to be applicable to the offenses to which the defendant has agreed to plead guilty. The defendant acknowledges and agrees that his attorney in turn has discussed the applicable sentencing guidelines provisions with him to the defendant's satisfaction.

7

14. The parties acknowledge and understand that, prior to sentencing, the United States Probation Office will conduct its own investigation of the defendant's criminal history. The parties further acknowledge and understand that, at the time the defendant enters a guilty plea, the parties may not have full and complete information regarding the defendant's criminal history. The parties acknowledge, understand, and agree that the defendant may not move to withdraw his guilty pleas solely because of the sentencing court's determination of the defendant's criminal history.

### Sentencing Guidelines Calculations

15. The defendant acknowledges and understands that the sentencing guidelines recommendations contained in this agreement do not create any right to be sentenced within any particular sentence range, and that the court may impose a reasonable sentence above or below the guideline range. The parties further understand and agree that if the defendant has provided false, incomplete, or inaccurate information that affects the calculations, the government is not bound to make the recommendations contained in this agreement.

### Relevant Conduct

16. The parties acknowledge, understand, and agree that pursuant to Sentencing Guidelines Manual § 1B1.3, the sentencing judge may consider relevant conduct in calculating the sentencing guidelines range, even if the relevant conduct is not the subject of the offenses to which the defendant is pleading guilty.

8

### Base Offense Level

17. The parties agree to recommend to the sentencing court that the applicable base offense level for the offense charged in Count 1 is 6 as determined under Sentencing Guidelines Manual § 2B1.1(a)(2).

18. Because the offense charged in Count 2, a violation of 18 U.S.C. § 1028A, has a mandatory sentence of 24 months, under Sentencing Guidelines Manual § 2B1.6, the guideline sentence for the offense is 24 months.

### Specific Offense Characteristics

19. The parties acknowledge and agree to recommend to the sentencing court that the offense level for the offense charged in Count 1 should be increased 14 levels under Sentencing Guidelines Manual § 2B1.1(b)(1)(H) because the defendant's criminal conduct involved a loss amount greater than $550,000 but less than $1.5 million.

### Abuse of a Position of Trust or Special Skill

20. Pursuant to Sentencing Guidelines Manual § 3B1.3, the parties agree to recommend to the sentencing court that a 2-level increase be given because the defendant abused a position of trust and used a special skill as a tax return preparer in a manner that significantly facilitated the commission and concealment of his offense.

### Acceptance of Responsibility

21. The government agrees to recommend a two-level decrease for acceptance of responsibility as authorized by Sentencing Guidelines Manual § 3E1.1(a), but only if the defendant exhibits conduct consistent with the acceptance of responsibility. The defendant acknowledges, understands, and agrees that conduct consistent with the acceptance of responsibility includes, but

is not limited to, the defendant's voluntary identification and disclosure to the government of any and all actual or potential victims of his conduct prior to sentencing. In addition, if the court determines at the time of sentencing that the defendant is entitled to the two-level reduction under § 3E1.1(a), the government agrees to make a motion recommending an additional one-level decrease as authorized by Sentencing Guidelines Manual § 3E1.1(b) because the defendant timely notified authorities of his intention to enter a plea of guilty.

### Sentencing Recommendations

22. Both parties reserve the right to provide the district court and the probation office with any and all information which might be pertinent to the sentencing process, including but not limited to any and all conduct related to the offense as well as any and all matters which might constitute aggravating or mitigating sentencing factors.

23. Both parties reserve the right to make any recommendation regarding the fine to be imposed; the amount of restitution and the terms and condition of its payment; the length of supervised release and the terms and conditions of the release; the defendant's custodial status pending the sentencing; and any other matters not specifically addressed by this agreement.

24. The government agrees to recommend an overall sentence of imprisonment no greater than 36 months.

### Court's Determinations at Sentencing

25. The parties acknowledge, understand, and agree that neither the sentencing court nor the United States Probation Office is a party to or bound by this agreement. The United States Probation Office will make its own recommendations to the sentencing court. The sentencing court will make its own determinations regarding any and all issues relating to the imposition of sentence

and may impose any sentence authorized by law up to the maximum penalties set forth in paragraph 7 above. The parties further understand that the sentencing court will be guided by the sentencing guidelines but will not be bound by the sentencing guidelines and may impose a reasonable sentence above or below the calculated guideline range.

26. The parties acknowledge, understand, and agree that the defendant may not move to withdraw his guilty pleas solely because of the sentence imposed by the court.

## **FINANCIAL MATTERS**

27. The defendant acknowledges and understands that all financial obligations imposed by the sentencing court are due and payable in full upon entry of the judgment of conviction. The defendant further understands that any payment schedule imposed by the sentencing court shall be the minimum the defendant is expected to pay and that the government's collection of all court imposed financial obligations is not limited to the payment schedule. The defendant agrees not to request any delay or stay in payment of all financial obligations. If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the court specifically directs participation or imposes a schedule of payments.

28. The defendant agrees to provide to the Financial Litigation Unit (FLU) of the United States Attorney's Office, at least 30 days before sentencing, and also upon request of the FLU during any period of probation or supervised release imposed by the court, a complete and sworn financial statement on a form provided by FLU and any documentation required by the form. The defendant further agrees, upon request of FLU whether made before or after sentencing,

11

to promptly: cooperate in the identification of assets in which the defendant has an interest, cooperate in the liquidation of any such assets, and participate in an asset deposition.

### Special Assessment

29. The defendant agrees to pay the special assessments in the amount of $200 prior to or at the time of sentencing.

### Restitution

30. The defendant agrees, pursuant to 18 U.S.C. § 3663(a)(3), to pay restitution to the Internal Revenue Service for tax refunds he fraudulently obtained from the IRS by filing false federal income tax returns in the amount of $618,455. The defendant understands that because restitution for the offense charged in Count 1 is mandatory, the amount of restitution shall be imposed by the court regardless of the defendant's financial resources. The defendant agrees to cooperate in efforts to collect the restitution obligation. The defendant understands that imposition or payment of restitution will not restrict or preclude the filing of any civil suit or administrative action.

### DEFENDANT'S WAIVER OF RIGHTS

31. In entering this agreement, the defendant acknowledges and understands that he surrenders any claims he may have raised in any pretrial motion, as well as certain rights which include the following:

    a. If the defendant persisted in a plea of not guilty to the charges against him, he would be entitled to a speedy and public trial by a court or jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

    b. If the trial is a jury trial, the jury would be composed of twelve citizens selected at random. The defendant and his attorney would have a say in who the jurors

Case 2:18-cr-00171-PP   Filed 08/24/18   Page 12 of 17   Document 2

> would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of guilty. The court would instruct the jury that the defendant is presumed innocent until such time, if ever, as the government establishes guilt by competent evidence to the satisfaction of the jury beyond a reasonable doubt.
>
> c. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.
>
> d. At such trial, whether by a judge or a jury, the government would be required to present witnesses and other evidence against the defendant. The defendant would be able to confront witnesses upon whose testimony the government is relying to obtain a conviction and he would have the right to cross-examine those witnesses. In turn the defendant could, but is not obligated to, present witnesses and other evidence on his own behalf. The defendant would be entitled to compulsory process to call witnesses.
>
> e. At such trial, defendant would have a privilege against self-incrimination so that he could decline to testify and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify on his own behalf.

32. The defendant acknowledges and understands that by pleading guilty he is waiving all the rights set forth above. The defendant further acknowledges the fact that his attorney has explained these rights to him and the consequences of his waiver of these rights. The defendant further acknowledges that as a part of the guilty plea hearing, the court may question the defendant under oath, on the record, and in the presence of counsel about the offense to which the defendant intends to plead guilty. The defendant further understands that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement.

33. The defendant acknowledges and understands that he will be adjudicated guilty of the offenses to which he will plead guilty and thereby may be deprived of certain rights, including

13

but not limited to the right to vote, to hold public office, to serve on a jury, to possess firearms, and to be employed by a federally insured financial institution.

34. The defendant knowingly and voluntarily waives all claims he may have based upon the statute of limitations, the Speedy Trial Act, and the speedy trial provisions of the Sixth Amendment. The defendant agrees that any delay between the filing of this agreement and the entry of the defendant's guilty plea pursuant to this agreement constitutes excludable time under the Speedy Trial Act.

### Further Civil or Administrative Action

35. The defendant acknowledges, understands, and agrees that the defendant has discussed with his attorney and understands that nothing contained in this agreement, including any attachment, is meant to limit the rights and authority of the United States of America or any other state or local government to take further civil, administrative, or regulatory action against the defendant, including but not limited to any listing and debarment proceedings to restrict rights and opportunities of the defendant to contract with or receive assistance, loans, and benefits from United States government agencies.

### GENERAL MATTERS

36. The parties acknowledge, understand, and agree that this agreement does not require the government to take, or not to take, any particular position in any post-conviction motion or appeal.

37. The parties acknowledge, understand, and agree that this plea agreement will be filed and become part of the public record in this case.

14

38. The parties acknowledge, understand, and agree that the United States Attorney's office is free to notify any local, state, or federal agency of the defendant's conviction.

39. The defendant understands that pursuant to the Victim and Witness Protection Act, the Justice for All Act, and regulations promulgated thereto by the Attorney General of the United States, the victim of a crime may make a statement describing the impact of the offense on the victim and further may make a recommendation regarding the sentence to be imposed. The defendant acknowledges and understands that comments and recommendations by a victim may be different from those of the parties to this agreement.

## Further Action by Internal Revenue Service

40. Nothing in this agreement shall be construed to limit the Internal Revenue Service in discharging its responsibilities in connection with the collection of any additional tax, interest, and penalties due from the defendant because of the defendant's conduct giving rise to the charges alleged in the indictment.

## EFFECT OF DEFENDANT'S BREACH OF PLEA AGREEMENT

41. The defendant acknowledges and understands if he violates any term of this agreement at any time, engages in any further criminal activity prior to sentencing, or fails to appear for sentencing, this agreement shall become null and void at the discretion of the government. The defendant further acknowledges and understands that the government's agreement to dismiss any charge is conditional upon final resolution of this matter. If this plea agreement is revoked or if the defendant's conviction ultimately is overturned, then the government retains the right to reinstate all dismissed charges and to file any and all charges which were not filed because of this agreement. The defendant hereby knowingly and voluntarily waives

15

any defense based on the applicable statute of limitations for any charges filed against the defendant because of his breach of this agreement. The defendant understands, however, that the government may elect to proceed with the guilty plea and sentencing. If the defendant and his attorney have signed a proffer letter in connection with this case, then the defendant further acknowledges and understands that he continues to be subject to the terms of the proffer letter.

## **VOLUNTARINESS OF DEFENDANT'S PLEA**

42. The defendant acknowledges, understands, and agrees that he will plead guilty freely and voluntarily because he is in fact guilty. The defendant further acknowledges and agrees that no threats, promises, representations, or other inducements have been made, nor agreements reached, other than those set forth in this agreement, to induce the defendant to plead guilty.

16

## ACKNOWLEDGMENTS

I am the defendant. I am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed every part of this agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney and I am satisfied that my attorney has provided effective assistance of counsel.

Date: 8-24-18

RANDY D. USOW
Defendant

I am the defendant's attorney. I carefully have reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Date: 8/24/18

MICHAEL G. GOLLER
Attorney for Defendant

For the United States of America:

Date: 8/24/18

for MATTHEW D. KRUEGER
United States Attorney

Date: August 24, 18

MATTHEW L. JACOBS
Assistant United States Attorney

17