UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

___

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                                              Case No. 18-cr-171-pp

RANDY D. USOW,

    Defendant.

___

**ORDER DENYING AS PROCEDURALLY IMPROPER DEFENDANT'S MOTION TO RECOMMEND FULL AMOUNT OF PRE-RELEASE CUSTODY PURSUANT TO 18 U.S.C. §3624(C) AND SECTIONS 102, 602, AND 603 OF FIRST STEP ACT OF 2018 (DKT. NO. 34)**

___

The defendant previously filed a motion for compassionate release under the First Step Act. Dkt. No. 27. The court denied that motion, in part because it couldn't tell whether the defendant had exhausted his administrative remedies as required by 18 U.S.C. §3624(c), and partly because he'd not demonstrated extraordinary and compelling reasons justifying compassionate release. Dkt. No. 33.

Two weeks later, the defendant filed this motion, asking the court to forward to FCI Terre Haute (where he is in custody) a recommendation that the defendant receive "the full amount of good-time credit and pre-release custody that is available to him under the law." Dkt. No. 34 at 1. He also requests that the court ask the warden to respond with an explanation about whether he will follow that recommendation, and if not, why not. Id. After explaining the provisions of the First Step Act as they relate to calculation of good-time credit,

1

and the provisions relating to release to home confinement toward the end of an inmate's sentence, the defendant stated that he had "requested the maximum in pre-release custody, but to date his request has not been acknowledged." Id. at 3.

The First Step Act gives the Bureau of Prisons the authority to calculate good-time credit and to decide when to place a defendant into a residential reentry facility or on home confinement. It does not mention a court's recommendation as being a relevant factor for the BOP to consider in making such determinations. Maybe the BOP would consider a court's recommendation. But nothing in the statute requires a warden to explain to a court whether it will follow that court's recommendation. Indeed, for many years, courts—recognizing that the BOP has sole authority for deciding prisoner designations—have made recommendations about prisoner placement, knowing full well that the BOP does not have to follow those recommendations or explain to the court why it didn't. The First Step Act did not change that.

The defendant says that he has asked for good-time credit and the full amount of pre-release custody to which he believes he is entitled, but that he hasn't received a response. He does not explain who he asked—the warden at Terre Haute? His case manager? He does not say *when* he asked—two days before he filed this motion? A week? A month? Even if the court had the authority to order the warden of Terre Haute to give the defendant good-time credit or order pre-release custody in an RRC or home detention—which it

2

doesn't—the defendant has not demonstrated that he exhausted his remedies with the BOP first.

The court notes that on March 26, 2020, the Attorney General gave the Bureau of Prisons expanded authority to authorize home confinement. https://www.bop.gov/resources/news/20200405_covid19_home_confinement.jsp. The BOP says that any inmate who believes that he is suitable may ask for home confinement and provide a release plan to his case manager. Id. But an inmate doesn't have to apply to be considered; the Attorney General directed the BOP to give consideration to inmates who have certain vulnerability to COVID-19, are confined in low- or medium-security facilities, have not had behavior issues, have minimum PATTERN scores, have a "demonstrated a verifiable re-entry plan that will prevent recidivism and maximize public safety, including verification that the conditions under which the inmate would be confined upon release would present a lower risk of contracting COVID-19 than the inmate would face in his . . . BOP facility;" and the offense of conviction. https://www.bop.gov/resources/news/pdfs/20200405_covid-19_home_confinement.pdf.

The defendant should talk to his case manager. He has served almost one year of the thirty-month sentence the court imposed. While the defendant is sixty-four years old, was convicted of a non-violent crime (albeit one with a two-year mandatory minimum sentence) and has a history of health issues (although not necessarily those that the CDC lists as raising particular risk), it is possible that even with the expanded authority the BOP has to consider

3

Case 2:18-cr-00171-PP   Filed 04/27/20   Page 3 of 4   Document 35

home confinement, the fact that the defendant was subject to a twenty-four month mandatory minimum may be an issue. The court notes that the BOP inmate locator service shows the defendant's release date as June 23, 2021—about two years and two months into his sentence. It appears that the BOP already has factored in some good-time credit, given that the total sentence the court imposed was thirty months. Given that the BOP is being encouraged to consider home detention options, the defendant should discuss all these issues with his case manager.

The court **DENIES** the defendant's motion to recommend the full amount of pre-release custody. Dkt. No. 34.

Dated in Milwaukee, Wisconsin this 27th day of April, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

4

Case 2:18-cr-00171-PP   Filed 04/27/20   Page 4 of 4   Document 35